UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SOLLEEVON JOHNSON,**

    **Plaintiff,**

                             **CASE NO.:**

**v.**

**CRAWFORD & COMPANY,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SOLLEEVON JOHNSON, by and through undersigned counsel, brings this action against Defendant, CRAWFORD & COMPANY, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida, and he worked remotely from his home in Hillsborough County.

5. Defendant operates a multinational claims management company headquartered in Peachtree Corners, Georgia.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

7. Plaintiff was an employee of Defendant, and he worked at least 1,250 hours in the 12 months preceding his request for leave under the FMLA.

8. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. Plaintiff began working for Defendant as a Claim Examiner in or around October 2018.

14. As a Claim Examiner, Plaintiff handled two accounts for Defendant. These accounts were referred to as the RaceTrac account and the Turnberry account.

15. In or around March 2022, Plaintiff's supervisor notified Plaintiff that one of the accounts he worked on, the RaceTrac account, planned to relocate their team and that all of Defendant's employees who worked on this account would be placed on new accounts.

16. The supervisor told Plaintiff he still had the Turnberry account to work on regardless of his removal from the RaceTrac account.

17. On or about March 25, 2022, Defendant instructed Plaintiff to interview with a new account representative to potentially replace the RaceTrac account.

18. On or about March 28, 2022, Plaintiff suffered from a serious health condition within the meaning of the FMLA.

19. Specifically, Plaintiff felt severe pain in his right wrist related to a cyst that was drained in or about October 2021.

20. On or about March 29, 2022, Plaintiff submitted proper medical documentation to Defendant in support of his FMLA leave request to care for himself.

21. Defendant approved Plaintiff's request to take continuous FMLA leave until April 20, 2022.

22. At the time Plaintiff began his leave, he was still working on the Turnberry account.

23. In or around April 2022, Defendant transferred Plaintiff's coworkers from the RaceTrac account to new accounts.

24. While he was out on his approved FMLA leave, Plaintiff's supervisor told him no one was handling the Turnberry account and that it was waiting for him when he returned.

25. On or about April 15, 2022, Plaintiff's employment was terminated for a pretextual reason.

26. During Plaintiff's termination meeting, Defendant's Human Resources manager told Plaintiff "I understand you are out on FMLA, but we are still letting you go."

27. Plaintiff asked why he was not transferred to a new account along with his coworkers.

28. Plaintiff's site supervisor responded "They needed someone like yesterday. Since you were not available, they filled it."

29. Plaintiff exercised his rights under the FMLA by filing for and utilizing FMLA leave.

30. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

32. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

33. By failing to restore Plaintiff to the position he held prior to his FMLA-authorized leave of absence, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant;

    (c) Compensation for lost wages, benefits, and other remuneration;

    (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a

judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

37. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

38. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

39. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

40. Defendant's actions were willful and done with malice.

41. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 7th day of October, 2022.

                                      Respectfully submitted,

                                      _____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**